**Application of Edwin W. MASON.**

**Patent Appeal No. 6283.**

United States Court of Customs and Patent Appeals.

May 27, 1957.

Armand E. Lackenbach, New York City (Burton Perlman, New York City, of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for Commissioner of Patents.

Before JOHNSON, Chief Judge, and O'CONNELL, RICH and JACKSON, retired, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner, on the ground of lack of invention over prior art, of claims 10 to 13, inclusive, in appellant's application, No. 210,335, for a patent on improvements in a package.

Claims 10, 11, and 12 are representative of the appealed claims and read as follows:

"10. A package for a commodity, including the commodity packaged therein, said package having at least one corner of said package comprising two webs, one web having a dished portion surrounded by a flat margin, said commodity being contained in said dished portion, and the other web being flat, the two webs being sealed together marginally except at one corner of the package where said webs are sealed together along a band extending diagonally across said corner whereby the corner portions of both webs are free, and whereby when one such portion is torn transversely along a tearing line a part of the seal of said package is broken, said dished portion extending into the path of the tearing line providing a means of egress for said commodity.

"11. The package of claim 10, wherein one of said free corner portions is slit inwardly with respect to said package from an outer edge of said one of said corner portions.

"12. A package for a commodity, having at least one corner said package comprising two webs, one web having a dished portion surrounded by a flat margin, said commodity be-

ing contained in said dished portion the other web being flat, the two webs being sealed together marginally except at one corner of the package where said webs are sealed together along a band extending diagonally across said corner in such manner that the corner portions of both webs are free one of said free corner portions being crimped, and whereby when one such portion is torn transversely along a tearing line a part of the seal of said package is broken, said dished portion extending into the path of the tearing line, providing a means of egress for said commodity."

The examiner relied on the following references:

Bunz, 1,576,088, March 9, 1926; Abrams, 2,248,266, July 8, 1941; Salfisberg 2,468,517, April 26, 1949; Nicolle (British), 624,084, May 27, 1949.

While the examiner relied on all the patents cited above, the board held that the patents to Abrams and Nicolle were not pertinent and accordingly they need not be considered here.

Appellant's application discloses a package of the single unit type, composed of two rectangular pieces of material, one of which is flat while the other has a dished central portion surrounded by a flat margin. When the dished portion of the package has been filled with the commodity to be packaged, the flat piece is placed over it and is sealed uniformly to its flat marginal portion except at one corner. At that corner the outer portions of the material are left unsealed, but a seal is effected along a relatively narrow band extending diagonally across the inner portion of the corner. One of the unsealed corner portions may be crimped in order to keep those portions separated and permit easy grasping when the package is to be opened. In order to facilitate such an opening, one of the unsealed corner portions is provided, at one edge, with a slit which serves to start a tear transversely of the package when the corner portion is grasped and pulled back. Such a tear first breaches a part of the diagonal sealing band and, upon continued movement, opens the seal along one end of the package and thereby permits the removal of its contents.

The Bunz patent shows a package of generally triangular form, one of the sides being curved. The package comprises a web having a dished portion surrounded by a flat margin, and a second web which is flat and is sealed to the flat margin of the first web to form a cover for the dished portion. At each of the corners one of the webs is cut off along a diagonal line, so that the other web projects beyond it and may be grasped and turned back to break the seal and open the package. Bunz makes the following statement in his specification with respect to the material of which his package is formed:

"My container is preferably made of paper or a light, thin material which may be readily embossed or molded to desired form. However, it will be evident that it may be made of sheet metal if so desired."

The Salfisberg patent was cited to show that it is old in the art to shape the free edges of the sheet material forming a sealed package, made of cellophane, metal foil, and the like, in such a way as to facilitate grasping the edges of the material in opening the package. The board held such shaping to be equivalent to the crimping which is recited in claims 12 and 13 of the appealed claims.

The board found claims 10 and 11 to be unpatentable over Bunz alone, and pointed out that Bunz shows a commodity package comprising two webs, one of which is flat while the other includes a dished portion surrounded by a flat margin. The board was of the opinion that the fact that appellant's webs are sealed except in one corner, while the webs shown by Bunz are not sealed at any of the corners did not constitute a material distinction. We are of the same opinion, since it is a matter of choice whether the container is to be so made as to permit opening at any corner desired or at one corner only.

We also agree with the board that the seal at each corner of the Bunz package, as shown in the drawings, constitutes a diagonal band within the meaning of the appealed claims. While the word "band" generally connotes a relatively narrow strip, we do not consider that it distinguishes from Bunz, wherein the length of the seal at each corner in a diagonal direction is greater than its width in a direction transverse to the diagonal. This is especially true at that corner of the Bunz package which is formed by the two straight sides. Claims 10 and 11 recite that the corner portions of both webs are free, whereas in Bunz, each corner portion of one web has been removed, leaving only one free web portion at each corner. It is not apparent, however, that any new or unexpected result is obtained by retaining both corner portions, since only one is grasped and pulled back when the package is to be opened.

Claims 10 and 11 also include a functional statement as to what happens when one of the web portions is torn transversely along a tearing line. That statement, however, does not define any structure and accordingly cannot serve to distinguish claims 10 and 11, which are not process claims, from the reference. In re Stattmann, 146 F.2d 290, 32 C.C.P.A., Patents, 813; In re Lippold, 176 F.2d 932, 37 C.C.P.A., Patents, 713.

For the reasons given, we conclude that claim 10 was properly held to be unpatentable over Bunz.

Claim 12 differs from claim 10 only in stating that one of the free corner portions of the web is crimped. Salfisberg as above noted shows a shaping which is equivalent to such crimping, and it is stated in appellant's brief that he does not rely on the crimping to establish the patentability of claim 12. Accordingly, that claim must be held to be unpatentable for the same reasons as claim 10.

Claims 11 and 13 add to what is recited in claims 10 and 12, respectively, the statement that one of the free corner portions is slit inwardly to facilitate tearing. We agree with the board that no invention would be involved in tearing off a part of the peeled corner portion in opening the Bunz package, instead of removing the entire web. The provision of a slot to facilitate the starting of a tear is an obvious expedient involving no invention. Claims 11 and 13, therefore, fail to distinguish patentably over Bunz.

It is noted that the appealed claims contain no limitation which defines the material out of which appellant's package is made. Appellant in his argument before us submitted samples, as he did before the tribunals of the Patent Office; one of which samples purported to conform to the package which appellant claimed, and the other to conform to the disclosure of the Bunz patent on which the rejection was made. With respect to those samples, we agree with the following observations of the Board of Appeals contained in the disposition of the petition to reconsider following a reargument:

"* * * The structure of the samples submitted with the instant petition does not conform to the disclosure in the Bunz patent on which the rejection is made. The submission of samples differing from the disclosure in the Bunz patent, that open only with difficulty, are not persuasive of any shortcoming in this respect in the reference device. Further, relative to the arguments as to the difference in force required to open the Bunz package as distinguished from the instant package, we note that the forces in both cases are of very slight magnitude. We are of the opinion that differences in the magnitudes of the forces employed are without patentable significance.

\* \* \* \* \* \*

"We recognize that in appellant's device there are features of structure not present in Bunz. The only ones of significance are the ones expressed in the claims. We have carefully considered each difference expressed in the claims and have given our reasons for holding that the claims fail to distinguish patentably from the art. There is nothing

present in the reargument that is persuasive of the contrary viewpoint."

For the reasons hereinbefore stated, the decision of the Board of Appeals is affirmed.

Affirmed.

WORLEY, Judge, because of illness, was not present at the argument of this case, but, by agreement of counsel, participated in this decision.

JACKSON, Judge, retired, recalled to participate herein in place of COLE, Judge, absent because of illness.